UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aon Corporation and
Aon Risk Services Central, Inc.,

       Plaintiffs,

v.                                                                      Civil No. 09-3531 (JNE/JJK)
                                                                        ORDER
Paul B. Haskins, Jeffrey J. Herman,
Frederick O. Flemig, Lockton Inc.,
Lockton Companies, LLC, and Kansas
City Series of Lockton Companies, LLC,

       Defendants.

       Invoking jurisdiction conferred by 28 U.S.C. §§ 1332, 1367 (2006), Aon Corporation and

Aon Risk Services Central, Inc., brought this action against Paul Haskins, Jeffrey Herman,

Frederick Flemig, Lockton Inc., and Lockton Companies, LLC, in December 2009. The next

month, Aon and Aon Risk Services Central filed an Amended Complaint that added Kansas City

Series of Lockton Companies, LLC, as a defendant. They continued to invoke § 1332 and

§ 1367. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). Pursuant to

its independent obligation to determine whether subject matter jurisdiction exists, *Hertz Corp. v.

Friend*, 130 S. Ct. 1181, 1193 (2010), the Court observes that the jurisdictional allegations of

Aon and Aon Risk Services Central are deficient. The Court directs them to show cause why

this action should not be dismissed for lack of subject matter jurisdiction.

       Section 1332 provides that a district court has original jurisdiction over a civil action

where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between

citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires complete

diversity of citizenship. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As the parties

invoking diversity jurisdiction, Aon and Aon Risk Services Central bear the burden of

establishing the citizenship of all parties.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

The only information in the record about the parties' citizenship is apparently in the pleadings.  In the Amended Complaint, Aon and Aon Risk Services Central alleged that Aon "is a Delaware corporation having its principal place of business in Illinois"; that Aon Risk Services Central "is an Illinois corporation having its principal place of business in Illinois"; that Haskins, Herman, and Flemig are citizens of Minnesota; that Lockton "is a Missouri corporation having its principal place of business in Missouri"; that "the members of Lockton Companies, LLC are totally diverse for the purpose of federal diversity jurisdiction"; and that "the members of Kansas City Series of Lockton Companies, LLC are totally diverse for the purpose of federal diversity jurisdiction."  In their Answer to the Amended Complaint, Defendants admitted that Haskins, Herman, and Flemig resided at addresses in Minnesota; asserted that neither Lockton nor Lockton Companies is an appropriate party to this action; did not respond to the allegation of Lockton's citizenship; did not respond to the allegation about the members of Lockton Companies; and asserted that "Kansas City Series of Lockton Companies, LLC, includes members from the states of Illinois and Missouri."

From the pleadings, the Court is unable to determine the citizenship of Lockton Companies or Kansas City Series of Lockton Companies.  *See, e.g.*, *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all members of the limited

liability company and all the partners of the limited partnership."); *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties.").  The information that does exist about the members of Kansas City Series of Lockton Companies raises the concern that complete diversity of citizenship did not exist when Aon and Aon Risk Services Central filed the Amended Complaint.  *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540-41 & n.3 (6th Cir. 2006); *Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005).  In the Amended Complaint, Aon and Aon Risk Services Central alleged that they are citizens of Illinois.  *See* 28 U.S.C. § 1332(c)(1).  The assertion in the Answer to the Amended Complaint that Kansas City Series of Lockton Companies has members from Illinois suggests that Kansas City Series of Lockton Companies is also a citizen of Illinois for purposes of diversity jurisdiction.  *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

In short, the record does not reveal the citizenship of Lockton Companies or Kansas City Series of Lockton Companies, and the record suggests that the addition of Kansas City Series of Lockton Companies as a defendant destroyed complete diversity of citizenship.  The Court grants Aon and Aon Risk Services Central seven days to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.      Within seven days of the date of this Order, Aon and Aon Risk Services
        Central shall show cause why this action should not be dismissed for lack
        of subject matter jurisdiction.

Dated:  May 27, 2011

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge